# IN THE COURT OF APPEALS OF IOWA

No. 13-2055
Filed July 30, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DAWAYNE M. McGOWAN,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mark R. Fowler, District Associate Judge.

Dawayne McGowan appeals the judgment and sentences imposed upon his convictions following his two pleas of guilty to driving while barred as a habitual offender in violation of Iowa Code section 321.561 (2013). **AFFIRMED.**

Lauren M. Phelps, Davenport, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, Michael J. Walton, County Attorney, and Robert C. Bradfield, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Vogel and Bower, JJ.

**DANILSON, C.J.**

Dawayne McGowan appeals the judgment and sentences imposed upon his convictions following his two pleas of guilty to driving while barred as a habitual offender in violation of Iowa Code section 321.561 (2013). He contends trial counsel was ineffective. We affirm his convictions and preserve his claims of deficient counsel for possible postconviction-relief proceedings.

On March 4, 2013, McGowan was recognized by Davenport police officers while he was driving. He was stopped when they checked and discovered his license was barred. On March 21, 2013, the State filed a trial information charging McGowan with driving under suspension while barred as a habitual offender.

On March 16, 2013, a Davenport police officer located a vehicle that had been reported stolen, and McGowan was sitting in the driver's seat. The officer checked McGowan's driver's license status and learned he was currently barred. On March 26, 2013, the State filed a trial information charging McGowan with operating without the owner's consent and driving under suspension while barred as a habitual offender.

Pursuant to plea agreements, McGowan entered written guilty pleas to two counts of driving while barred. In the case involving the March 4 incident, the plea agreement provided the State would recommend a fine of $1000, costs, and 365 days incarceration, with all but fourteen days suspended. In the case involving the March 16 incident, the agreement provided the State would dismiss the charge of operating without owner's consent, recommend a $1000 fine and 365 days incarceration, with all but sixty days suspended. The district court

entered judgment upon the written pleas and imposed the sentences as recommended, to run concurrently.

McGowan appeals, contending his trial counsel was ineffective in a number of respects.  As to the March 4 charge, he contends his counsel was ineffective for failing to challenge the police officer's initial identification of him, for failing to move to dismiss due to lack of notice of disbarment, and for failing to object to entry of the written guilty plea.  As to the March 16 charge, McGowan maintains counsel was ineffective in failing to file a written motion to withdraw and in failing to object to entry of the written guilty plea.

Because ineffective-assistance-of-counsel claims have their basis in the Sixth Amendment to the United States Constitution, we review them de novo. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012).

We generally do not resolve claims of ineffective assistance of counsel on direct appeal.  *Id.*  If we determine the claim cannot be addressed on appeal, we must preserve it for a postconviction-relief proceeding.  *See State v. Clark*, 814 N.W.2d 551, 567 (Iowa 2012).  This record is inadequate to address McGowan's claims.  Consequently, we affirm his convictions and preserve his ineffectiveness claims.

**AFFIRMED.**